UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIA PEARSON,

                Plaintiff,

        v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, *et al.*,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11-10-20

20-CV-3592 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

By order dated May 22, 2020, the Court directed the Clerk of Court to: (1) fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants New York City Department of Education (DOE), Emarilix Lopez, and Peter Ianniello; (2) issue summonses as to these defendants; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants. On that same date, summonses were issued.

The Court has since learned that the U.S. Marshals were unable to serve Defendant Lopez because the address provided was insufficient. Lopez had been served at the central offices for the New York City Department of Education (NYC DOE) because, at the time of service, her school was closed due to the pandemic Plaintiff thereafter provided the Court with a different address for Lopez to be served – Lopez's school address.

As for the NYC DOE and Ianniello, it is unclear why the U.S. Marshals did not serve these two defendants. Moreover, as explained below, because the NYC DOE cannot be sued under the New York City Charter, the Court orders that the City of New York replace this defendant. Finally, as the summonses have since expired, the Court also directs that new summonses be issued.

## DISCUSSION

**A.     NYC DOE**

Plaintiff's claims against the NYC DOE must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency. Instead, the City is generally the proper defendant when a plaintiff seeks to bring an action pursuant to the official acts and/or inaction of an agency of the City.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the NYC DOE with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.     Order of Service**

The Clerk of Court is instructed to fill out a USM-285 form for the City of New York, Lopez, and Ianniello. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

## CONCLUSION

The Court dismisses the NYC DOE and directs the Clerk of Court to amend the caption of this action to replace the NYC DOE with the City of New York. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York, Lopez, and Ianniello and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:   November 10, 2020
             New York, New York

                                                  RONNIE ABRAMS
                                                  United States District Judge