No. 20 CV 03592 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIA PEARSON,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, EMARILIX LOPEZ, PRINCIPAL OF THE METROPOLITAN SOUNDVIEW HIGH SCHOOL, PETER IANNIELLO, EXEC. DIRECTOR OFFICE OF HR SCHOOL SUPPORT,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street - Room 2-300*
*New York, NY 10007*

*Of Counsel:  Ryan Nasim*
*Tel:  (212) 356-2475*
*Matter No.:  2020-042190*

Bruce Rosenbaum,
Ryan Nasim,
   Of Counsel.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

PROCEDURAL HISTORY.................................................................................... 3

STATEMENT OF FACTS ..................................................................................... 4

ARGUMENT ....................................................................................................... 7

    POINT I ...................................................................................................... 7

        PLAINTIFF'S CLAIMS ARE TIME-BARRED....................................... 7

        A.   Plaintiff's Title VII And ADEA Claims Are
              Time-Barred ................................................................... 7

        B.   Plaintiff's SHRL And CHRL Claims Against
              The BOE Are Time-Barred .............................................. 7

    POINT II ..................................................................................................... 8

        PLAINTIFF'S SHRL AND CHRL CLAIMS ARE
        SUBJECT TO DISMISSAL FOR FAILURE TO
        COMPLY WITH APPLICABLE NOTICE OF
        CLAIM REQUIREMENTS AND AS TIME-
        BARRED. .......................................................................... 8

    POINT III.................................................................................................... 10

        THERE IS NO INDIVIDUAL LIABILITY
        UNDER TITLE VII AND THE ADEA.................................... 10

    POINT IV .................................................................................................... 11

        PLAINTIFF FAILS TO STATE A PLAUSIBLE
        CLAIM OF RACE OR AGE DISCRIMINATION.................... 11

        A.   Motion to Dismiss Standard ............................................ 11

        B.   Plaintiff Fails To State A Plausible Race Or
              Age Discrimination Claim. .............................................. 12

POINT V ............................................................................................................... 16

    ALL CLAIMS AGAINST THE CITY OF NEW
    YORK MUST BE DISMISSED AS THE CITY
    AND BOE ARE SEPARATE AND DISTINCT
    LEGAL ENTITIES. ................................................................................ 16

CONCLUSION ......................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

Amorosi v. South Colonie Ind. Cent. School Dist.,
  9 N.Y.3d 367 (2007) ........................................................................................................8

Anderson v. Davis Polk & Wardwell, LLP,
  850 F. Supp. 2d 392 (S.D.N.Y. 2012)...........................................................................13

Andino v. Fischer,
  698 F. Supp. 2d 362 (S.D.N.Y. 2010)...........................................................................11

Ashcroft v. Iqbal,
  556 U.S. 662 (2009).......................................................................................................11

Askin v. Dept. of Educ. of the City of New York,
  110 A.D.3d 621 (1st Dep't 2013) ..................................................................................16

Bagarozzi v. New York City Dept. of Educ.,
  18 Civ. 4893 (RA), 2019 U.S. Dist. LEXIS 56533 (S.D.N.Y. Mar. 31, 2019) .......14

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007).......................................................................................................11

Bermudez v. City of New York,
  783 F. Supp. 2d 560 (S.D.N.Y. 2011)...........................................................................15

Campbell v. City of New York,
  203 A.D.2d 504 (2d Dep't 1994) ..................................................................................17

Chambers v. Time Warner, Inc.,
  282 F.3d 147 (2d Cir. 2002)............................................................................................4

Darcy v. Lippman,
  356 F. App'x 434 (2d Cir. 2009) ..................................................................................10

Dickens v. Hudson Sheraton Corp., LLC,
  167 F. Supp.3d 499 (S.D.N.Y. 2016).............................................................................7

Dimitracopoulos v. City of New York,
  26 F.Supp.3d 200 (E.D.N.Y. 2015) ...............................................................................7

Divisich v. Marshall,
  281 N.Y. 170 (1939) .....................................................................................................17

Elgalad v. New York City Dept. of Educ.,
    17 Civ. 4894 (VSB), 2018 U.S. Dist. LEXIS 162838 (SDNY Sep. 24, 2018)........................15

Flaherty v. Metromail Corp.,
    235 F. 3d 133 (2d Cir. 2000)......................................................................................................7

Garrido v. N.Y.C. Dep't of Educ.,
    No. 16-CV-9464 (DAB), 2018 U.S. Dist. LEXIS 43703 (S.D.N.Y. Mar. 15,
    2018) ..........................................................................................................................................9

Goldman v. City of New York,
    287 A.D.2d 689 (2d Dep't 2001) .............................................................................................17

Guerra v. Jones,
    421 F. App'x 15 (2d Cir. 2011) ................................................................................................10

Henry v. NYC Health & Hosp. Corp.,
    18 F. Supp. 3d 396 (S.D.N.Y. 2014)........................................................................................14

Hernandez v. City of New York,
    No. 18 Civ. 5870 (ER), 2019 U.S. Dist. LEXIS 96187 (S.D.N.Y. Jun. 7, 2019)....................14

Johnson v. Andy Frain Servs.,
    638 F. App'x 68 (2d Cir. 2016) ................................................................................................12

Johnson v. City of N.Y.,
    No. 17-CV-7585 (PKC) (RER), 2019 U.S. Dist. LEXIS 160198 (E.D.N.Y.
    Sep. 18, 2019) ..........................................................................................................................17

Lakonia Management Ltd. v. Meriwether,
    106 F. Supp. 2d 540 (S.D.N.Y. 2000).......................................................................................4

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)........................................................................................12, 14, 15

Massaro v. Dept. of Educ. of the City of New York,
    2013 N.Y. Slip Op. 31011[U] (Sup. Ct., NY County 2013), aff'd, 121 A.D.3d
    569 (1st Dep't 2014) .................................................................................................................15

Mauro v. New York City Dept. of Educ.,
    No. 19 Civ. 4372 (GBD) (KHP), 2020 U.S. Dist. LEXIS 76379 (S.D.N.Y.
    Apr. 29, 2020) ...........................................................................................................................13

Moore v. City of New York,
    2018 U.S. Dist. LEXIS 121769 (S.D.N.Y. 2018)....................................................................10

Nash v. Bd. of Educ. of N.Y.,
  No. 99 Civ. 9611 (NRB), 2016 U.S. Dist. LEXIS 135793 (S.D.N.Y. Sep. 22,
  2016) .......................................................................................................................17

Newsome v. IDB Capital Corp.,
  2016 U.S. Dist. LEXIS 40754 (S.D.N.Y. 2016) ....................................................13

Patane v. Clark,
  508 F.3d 106 (2d Cir 2007 .....................................................................................12

Perez v. City of New York,
  837 N.Y.S.2d 571 (1st Dep't 2007), appeal denied, 10 N.Y.3d 708 (2008)............17

Roe v. Johnson,
  334 F. Supp. 2d 415 (S.D.N.Y. 2004)......................................................................4

Sank v. City Univ. of New York,
  No. 10 Civ. 4975 (RWS), 2011 U.S. Dist. LEXIS 125016 (S.D.N.Y. Oct. 27,
  2011) .......................................................................................................................13

Santiago v. Newburgh Enlarged City Sch. Dist.,
  434 F. Supp. 2d 193 (S.D.N.Y. 2006)......................................................................9

Thomas v. Mintz,
  182 A.D.3d 490 (1st Dep't Apr. 23, 2020) ...........................................................15

Thomas v. N.Y. City Dep't of Educ.,
  No. 15 Civ. 8934 (JMF), 2016 U.S. Dist. LEXIS 117526 (S.D.N.Y. Aug. 31,
  2016) .......................................................................................................................11

Tomka v. Seiler Corp.,
  66 F.3d 1295 (2d Cir. 1995)...................................................................................10

Varsity Tr., Inc. v. Bd. of Educ. of City of NY,
  5 N.Y.3d 532 (2005) ................................................................................................8

Vega v. Hempstead Union Free Sch. Dist.,
  801 F.3d 72 (2d Cir. 2015)......................................................................................12

Williams v. New York City Hous. Auth.,
  61 A.D.3d 62 (1st Dep't 2009), appeal denied, 13 N.Y.3d 702 (2009)..................13

**Statutes**

29 U.S.C. §§ 621 *et seq.*............................................................................ *passim*

42 U.S.C. §§ 2000e *et seq.*......................................................................... *passim*

NYC Admin. Code §§ 8-101, *et seq.* ........................................................ *passim*

N.Y. Educ. Law § 2590-g(2) ........................................................................................16

N.Y. Educ. Law § 3813 ...........................................................................................2, 7, 8

N.Y. Executive Law §§ 290, *et seq*. ...................................................................... *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)...........................................................2, 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTONIA PEARSON,

                                        Plaintiff,
                                                        No. 20 CV 03592 (RA)

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
EMARILIX LOPEZ, PRINCIPAL OF THE
METROPOLITAN SOUNDVIEW HIGH SCHOOL,
PETER IANNIELLO, EXEC. DIRECTOR OFFICE OF
HR SCHOOL SUPPORT,

                                        Defendants.
------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

        Plaintiff, Antonia Pearson ("Plaintiff"), is a self-identified sixty-four (64) year old African American teacher formerly employed by the Board of Education of the City School District of the City of New York ("BOE") (also known as and named herein as "New York City Department of Education"). See Complaint, ECF Dkt. No. 2, at 8, Addendum ¶¶ 1-4. Plaintiff commenced this action on May 6, 2020 and alleges that Defendants discriminated against her on the basis of her race and age when (1) she received "harsh" observation reports; (2) was told by Principal Emarilix Lopez that "senior position teachers [were] a financial burden to the school;" (3) when she was issued disciplinary letters to her file; (4) was told by Principal Emarilix Lopez to look for employment at another school; (5) when her probationary employment was discontinued on July 26, 2018; and (6) was denied employment as a substitute teacher, in violation of 42 U.S.C. §§ 2000e et seq., ("Title VII"); 29 U.S.C. §§ 621 et seq., ("ADEA"); N.Y.

Executive Law §§ 290, *et seq*., ("SHRL") and N.Y. City Administrative Code §§ 8-101, *et seq*., ("CHRL").

As set forth more fully below, Plaintiff's claims should be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure because Plaintiff's claims are time-barred, Plaintiff has failed to comply with applicable notice of claim requirements and the Complaint otherwise fails to state a plausible claim upon which relief can be granted.

First, Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 22, 2019. Accordingly, under Title VII and the ADEA, any alleged discriminatory acts that occurred prior to September 25, 2018 are time-barred – including Plaintiff's allegations of discriminatory acts taken against her by Principal Emarilix Lopez and Peter Ianniello during the 2016 – 2017 and 2017-2018 school years, Plaintiff's discontinuance on July 26, 2018 and the denial of her substitute teaching application on September 12, 2018 because such claims relate to conduct occurring more than 300 days before Plaintiff filed her charge with EEOC. Similarly, Plaintiff's SHRL and CHRL claims against the BOE are also time-barred by the one-year statute of limitations provided in N.Y. Educ. Law § 3813.

Second, Plaintiff failed to file, and does not assert that she filed the requisite notice of claim against the BOE as required under N.Y. Educ. Law § 3813(1); thus, her claims under both the SHRL and CHRL must be dismissed. Third, Plaintiff fails to state a plausible claim for discrimination under Title VII, the ADEA, SHRL or CHRL. Plaintiff's Complaint fails to plausibly plead facts that creates even a minimal inference of discrimination on the basis of age or race with regard to the challenged actions. Finally, Plaintiff's claims against the

individually named defendants must be dismissed because Title VII and the ADEA do not provide for individual liability.

Accordingly, Defendants' Motion to Dismiss should be granted in its entirety, with prejudice.

## PROCEDURAL HISTORY

On or about July 22, 2019, Plaintiff duly filed a complaint with the New York State Division of Human Rights ("SHDR") and with the EEOC charging the BOE with discrimination on the basis of age and race in violation of N.Y. Exec. Law, Art. 15. See Exhibits A and B annexed to the Declaration of Ryan Nasim dated February 5, 2021.

On or about November 26, 2019, the SDHR issued a Determination and Order of Dismissal for Administrative Convenience finding that "[t]he complainant intends to pursue federal remedies in court, in which forum all the issues concerning the questions of discrimination can be resolved." A copy of which is annexed to the Declaration of Ryan Nasim, dated February 5, 2021 as Exhibit B. On or about February 6, 2020, the EEOC dismissed Plaintiff's charge of discrimination and issued a Dismissal and Notice of Rights, advising Plaintiff of her right to file suit within 90 days of receipt of the notice. See ECF Dkt. No. 2, Complaint at 12.

Proceeding *pro se*, Plaintiff commenced the instant action against Defendants on May 6, 2020 by the filing of a complaint, and consented to electronic filing. See Complaint, ECF Dkt. No. 2. On November 10, 2020, the Court issued an order dismissing the BOE from the action and replaced the City of New York for the BOE as a Defendant in this action on the grounds that "NYC DOE cannot be sued under the New York City Charter[.]" See Order dated November 10, 2020, ECF Dkt. No. 12. On December 4, 2020, counsel for Defendants filed a letter motion requesting an extension of time to respond to the complaint and, in a footnote,

3

advised the Court of the controlling case law that the BOE and City are separate and distinct legal entities for the purposes of a suit, and further advised that the BOE was the proper defendant in this action and the City was not. <u>See</u> Letter by S. Rickershauser dated December 4, 2020, ECF Dkt. No. 20. The Court granted the Defendant's request for an extension of time to respond to the Complaint, but did not address the issue of the City being improperly named as a Defendant. <u>See</u> Order dated December 7, 2020, ECF Dkt. No. 21. The Court ordered that the Defendants are to respond to the Complaint by February 7, 2021.

## STATEMENT OF FACTS[1]

Plaintiff, who self identifies as a sixty-four (64) year old African American, was employed by the BOE as a probationary teacher with a license in general science and chemistry. <u>See</u> Complaint, ECF Dkt No. 2 at 8, Addendum ¶¶ 1-2, 19. Plaintiff began working at the Metropolitan Soundview High School located in the Bronx on or about September 8, 2016 as a living environment co-teacher and a health teacher. <u>See id.</u> at ¶ 4. Plaintiff remained employed as a teacher at Metropolitan Soundview High School until her probationary status was discontinued on June 26, 2018. <u>Id.</u> Defendant Emarilix Lopez was the Principal of Metropolitan

---

[1] This statement of facts is derived from the allegations set forth in the Complaint and Plaintiff's Addendum to the Complaint, which Defendants accept as true only for the purposes of this Motion to Dismiss. In addition, Defendants rely upon the exhibits annexed to the Declaration of Assistant Corporation Counsel Ryan Nasim dated February 5, 2021 ("Nasim Decl."). Any reference to lettered exhibits herein are to the exhibits annexed to the Nasim Decl. This Court may consider these exhibits in reviewing this motion. <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002) (on a motion to dismiss, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."); <u>Roe v. Johnson</u>, 334 F. Supp. 2d 415, 419-20 (S.D.N.Y. 2004) ("A court may take judicial notice of a public record pursuant to Rule 201(b), Fed. R. Evid.")(citing <u>Rothman v. Gregor</u>, 220 F.3d 81, 92 (2d Cir. 2000)); <u>Lakonia Management Ltd. v. Meriwether</u>, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000).

Soundview High School during the period of Plaintiff's employment at Metropolitan Soundview High School.  See id. at ¶¶ 4-5.

Plaintiff alleges that during the 2016-2017 school year she received unfavorable observation reports.  See Complaint, ECF Dkt No. 2 at 9, Addendum ¶ 8.  Plaintiff alleges that in or about March 2017, and without mentioning who, if anyone, witnessed or was privy to the conversation, Plaintiff states that "during a conversation with Principal Emarilix Lopez, she made a comment regarding senior position teachers being a financial burden to the school."  See id., Addendum ¶ 9.  Plaintiff stated that during the 2016-2017 school year, she was issued "harsh observations" and that disciplinary letters were issued to her file after Assistant Principal Ross Hogan left Metropolitan Soundview High School.  See id., Addendum ¶ 10.

In her Complaint, Plaintiff further alleges that during the 2017-2018 school year, she was assigned to teach three (3) class with a co-teacher and two online courses.  See id., Addendum ¶ 11.  During that school year, Plaintiff alleges that she did not receive instruction on how to grade or teach the online courses and was informed by the program director, without identifying the director, to monitor activity and progress of students.  See id., Addendum ¶ 13. According to Plaintiff, she was instructed by the program director to "not regularly input and update grades" but in was later informed by Assistant Principal Hillary Gellis to "regularly record grades for the students enrolled in Microsoft Excel."  See Complaint, ECF Dkt No. 2 at 9-10, Addendum ¶ 14-15.

Plaintiff further alleges that in or around March of 2018, Defendant Emarilix Lopez, "asked [her] to leave the school and instructed [her] to look for employment at another school through the [o]pen [m]arket."  See id., Addendum ¶ 15.  Plaintiff fails to provide any further details concerning the manner in which Defendant Lopez informed Plaintiff of this,

whether by email, in person, a phone conversation or any other manner. Plaintiff, in her complaint, assumes and identifies that Defendant Lopez is of Hispanic descent and is approximately 40 years old. Id. Plaintiff alleges that in or around April of 2018, she was issued another disciplinary letter to her file "for not communicating or obtaining syllabi from students who were assigned to [her][.]". See id., Addendum ¶ 16. Plaintiff received another disciplinary letter to her file in or around May of 2018 from Defendant Lopez "for failing to maintain accurate weekly grades in Skedula, a program used to input grades." See id., Addendum ¶ 17. Plaintiff concedes in her Complaint that she did not input the grades in Skedula as required, but rather contends that she maintained the grades in microsoft excel based on instructions provided by Assistant Principal Gellis. Id. Plaintiff stated that she later transferred the grades into Skedula after being issued a disciplinary letter. See id., Addendum ¶ 18.

Plaintiff alleges that her probationary status was discontinued by BOE on June 26, 2018 by the issuance of a letter. See id., Addendum ¶ 19. According to Plaintiff, she claims that she was "misled by the administration" and understood that although her services were discontinued, she would be "allowed . . . to seek employment at another High School rather [than] disallowing [her] to teach at any other school within the [BOE]." See id., Addendum ¶ 20. Plaintiff further alleges that she was ineligible for a substitute teaching position as of September 12, 2018, without stating the basis for that date. See id., Addendum ¶ 21. Plaintiff states that she believes Defendant Lopez "targeted other senior level teachers like [herself] such as Nicole Bonnick and Kathy Smith, and replaced them with younger individuals. See id., Addendum ¶ 22. Plaintiff states that she submitted an application for employment with BOE but was denied by the Human Resources Department and was informed by two Principals, without identifying whom, that her information is unable to be located in the system. See id., Addendum ¶ 23-24.

As a result of the foregoing, Plaintiff alleges that she "believe[s]" she was "targeted and discriminated against based on [her] age and race[.]". See id., Addendum ¶ 25.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE TIME-BARRED.

**A.    Plaintiff's Title VII And ADEA Claims Are Time-Barred**

Claims brought pursuant to Title VII and the ADEA require that a plaintiff file his or her charge of discrimination within 300 days of the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d)(1)(b); Flaherty v. Metromail Corp., 235 F. 3d 133, 136 n.1 (2d Cir. 2000); Dickens v. Hudson Sheraton Corp., LLC, 167 F. Supp.3d 499, 514 (S.D.N.Y. 2016); Dimitracopoulos v. City of New York, 26 F.Supp.3d 200, 212, (E.D.N.Y. 2015). Plaintiff filed her EEOC Charge of Discrimination on July 22, 2019. See See Exhibits A and B annexed to the Nasim Decl.; Complaint, ECF Dkt. No. 2, at 6. As such, any alleged discriminatory acts occurring prior to September 25, 2018 – 300 days before July 22, 2019 – are time-barred.

Accordingly, Plaintiff's allegations, including her allegations of discriminatory acts under Title VII and the ADEA taken against her by Defendant Lopez and Defendant Ianniello, during the 2016-2017 school year are time-barred and therefore must be dismissed. Similarly, Plaintiff's allegations of discriminatory acts taken against her during the 2017-2018 school year, including Plaintiff's probationary discontinuance on June 26, 2018, and all allegations prior to September 18, 2018, are time-barred and therefore must be dismissed.

**B.    Plaintiff's SHRL And CHRL Claims Against The BOE Are Time-Barred**

Furthermore, Plaintiff's SHRL and CHRL claims accruing before May 6, 2019 (1-year prior to the commencement of this case), are barred against Defendant BOE pursuant to the one-year statute of limitations set forth in New York Education Law § 3813. See N.Y. Educ.

Law § 3813(2-b) ("no action or special proceeding shall be commenced against any entity specified in subdivision one of this section more than one year after the cause of action arose"); see also Amorosi v. South Colonie Ind. Cent. School Dist., 9 N.Y.3d 367, 373 (2007) (the one-year limitation prescribed in Education Law § 3813 (2-b) should govern discrimination claims against a school district."). Therefore, all of Plaintiff's claims brought against Defendant BOE pursuant to the SHRL and CHRL, including Plaintiff's allegations of discriminatory acts taken against her by Principal Emarilix Lopez and Peter Ianniello during the 2016 – 2017 and 2017-2018 school years, Plaintiff's discontinuance on Jul 26, 2018 and the denial of her substitute teaching application on September 12, 2018, are time-barred under Education Law § 3813(2-b).

## POINT II

### PLAINTIFF'S SHRL AND CHRL CLAIMS ARE SUBJECT TO DISMISSAL FOR FAILURE TO COMPLY WITH APPLICABLE NOTICE OF CLAIM REQUIREMENTS AND AS TIME-BARRED.

Plaintiff failed to file a timely notice of claim against the BOE as required under Education Law § 3813(1). Pursuant to that statute:

> No action or special proceeding, for any cause whatever . . . involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim….

N.Y. Educ. Law § 3813(1). A notice of claim must be filed even where past or ongoing litigation has involved related factual assertions thereby giving the BOE knowledge of the claims asserted. See Varsity Tr., Inc. v. Bd. of Educ. of City of NY, 5 N.Y.3d 532, 536 (2005)

("statutory requirements conditioning suit [against a government entity] must be strictly construed….This is true even where the Department "had actual knowledge of the claim or failed to demonstrate actual prejudice.") (citations omitted).

Here, Plaintiff should have filed her notice of claim within ninety (90) days, or three months of the accrual of her claim—or, by September 24, 2018 (three months after the last alleged discriminatory act).  Plaintiff does not allege that she filed a notice of claim and, upon information and belief, has not in fact filed the requisite notice of claim.  See generally, Complaint.  Accordingly, his claims against the BOE under both the SHRL and CHRL are barred.  See Garrido v. N.Y.C. Dep't of Educ., No. 16-CV-9464 (DAB), 2018 U.S. Dist. LEXIS 43703, *17–18 (S.D.N.Y. Mar. 15, 2018) ("[t]he filing of a notice of claim within three months after the accrual of a claim is an absolute condition precedent to the filing of a lawsuit.  This requirement applies to employment discrimination claims against school districts and their officers under the NYSHRL and NYCHRL.") (internal quotation marks omitted) (citations omitted); Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006) ("the Education Law requires that it appear from the face of the complaint that the plaintiff filed a timely notice of claim. The complaint in this action contains no such allegation, and in fact no notice of claim was filed. Therefore, the Fourth, Fifth and Sixth claims for relief must be dismissed.").  In this case, Plaintiff's complaint contains no allegation that she filed a notice of claim.  Accordingly, Plaintiff's SHRL and CHRL claims against the BOE must be dismissed for failure to file a timely notice of claim.

**POINT III**

**THERE IS NO INDIVIDUAL LIABILITY
UNDER TITLE VII AND THE ADEA.**

Under Title VII, individuals, employees, or supervisors who are not the plaintiff's actual employers are not held personally liable.  See Moore v. City of New York, 2018 U.S. Dist. LEXIS 121769, at *42 (S.D.N.Y. 2018) citing Raspardo v. Carlone, 770 F.3d 97, 113 (2d Cir. 2014).  The Second Circuit has held that "under Title VII, personal liability is foreclosed for 'even those with supervisory liability over the plaintiff.'"  See Guerra v. Jones, 421 F. App'x 15, 17 (2d Cir. 2011); see also Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) (holding that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII.").   Similarly, under the ADEA, an individual, employee or supervisor may not be held personally liable.  See Darcy v. Lippman, 356 F. App'x 434 (2d Cir. 2009) (holding that the ADEA, like Title VII, does not provide for actions against individual supervisors.").

Here, Plaintiff asserts claims against individually-named defendants Emarilix Lopez and Peter Ianniello sounding in Title VII and ADEA violations.  Consistent with the above, Plaintiff's  Title VII and ADEA claims against individually-named defendants Emarilix Lopez and Peter Ianniello, in their individual capacities, must be dismissed as the individually-named defendants may not be held personally liable under those theories.

## POINT IV

## PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF RACE OR AGE DISCRIMINATION.

### A.    Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter…to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (citation and internal quotation marks omitted).

Even in a case of a *pro se* plaintiff, while the pleadings are to be construed liberally, the standard afforded to *pro se* pleadings does not relieve a Plaintiff of his burden to plead sufficient facts to state a claim that is plausible on its face. See Andino v. Fischer, 698 F. Supp. 2d 362, 376 (S.D.N.Y. 2010) ("*pro se* plaintiff is not relieved of pleading requirements, and failure to plead the basic elements of a cause of action may result in dismissal"). "Put another way, the Court's duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." Thomas v. N.Y. City Dep't of Educ., No. 15 Civ. 8934 (JMF), 2016 U.S. Dist. LEXIS 117526, at *8 (S.D.N.Y. Aug. 31, 2016) (citation and quotation marks omitted).

**B.      Plaintiff Fails To State A Plausible Race Or Age Discrimination Claim.**

Plaintiff's race and age discrimination claims must be dismissed because Plaintiff has not plausibly alleged that any of the actions about which she complains, including her probationary discontinuance and the alleged denial of employment as a substitute teacher, were motivated by discriminatory intent based on Plaintiff's race or age.   Claims of disparate treatment under Title VII, the ADEA, the SHRL, and the CHRL, are analyzed using the burden shifting analysis of McDonnell Douglas, 411 U.S. at 792; Johnson v. Andy Frain Servs., 638 F. App'x 68, 70 (2d Cir. 2016) (Title VII, ADEA, and SHRL); Littlejohn v. City of New York, 795 F.3d 297, 312 (2d Cir. 2015) (Title VII); Patane v. Clark, 508 F.3d 106, 113 (2d Cir 2007) ("New York courts examine claims under [the SHRL and CHRL] with the same analytical lens as corresponding Title VII-based claims").   To establish a prima facie case of discrimination under this framework, "a plaintiff must show that (1) [s]he is a member of a protected class; (2) [s]he was qualified for the position he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination."  Littlejohn, 795 F.3d at 307.

The pleading fails to suggest even a minimal inference of discriminatory animus or plausibly plead causation.  See Littlejohn, 795 F.3d at 310; Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).  In this case, Plaintiff presents no direct evidence that Defendants discriminated against her on the basis of her race or age.  Plaintiff offers only conclusory allegations that race and age were motivating factor behind her allegedly disparate treatment, and does not allege facts from which even a minimal inference of race or age-based animus may be inferred.  Plaintiff's vague allegations that  Principal Lopez "made a comment regarding senior teachers being a financial burden to the school[;]" (at worst a "stray remark") and that Principal Lopez "replaced [other senior level teachers like myself] with younger

individuals;" and that she "believes she [was] targeted and discriminated against based on [her] age and race" are mere conclusory assertions without any factual support in the Complaint. See Complaint, ECF Dkt. No. 2 at 9 ¶ 9; 11 ¶ 22-25.

Plaintiff has also failed to allege that she was treated less favorably than similarly situated probationary teachers to support at least a minimal inference that the difference of treatment may be attributable to her age or race. See Newsome v. IDB Capital Corp., 2016 U.S. Dist. LEXIS 40754, at *45-46 (S.D.N.Y. 2016); Williams v. New York City Hous. Auth., 61 A.D.3d 62, 80 (1st Dep't 2009) (construing CHRL), appeal denied, 13 N.Y.3d 702 (2009). Although Plaintiff may raise an inference of discrimination based on her race or age by alleging that she was treated less favorably than other employees, such allegations must plausibly demonstrate that the other employees were sufficiently similarly situated to Plaintiff with regard to material aspects of her employment, such that the alleged difference of treatment is attributable to discrimination. See Anderson v. Davis Polk & Wardwell, LLP, 850 F. Supp. 2d 392, 407 (S.D.N.Y. 2012); Sank v. City Univ. of New York, No. 10 Civ. 4975 (RWS), 2011 U.S. Dist. LEXIS 125016, at *29-30 (S.D.N.Y. Oct. 27, 2011).

Plaintiff neither identifies a younger or non-"Black" teachers who were allegedly treated more favorably than her, nor does Plaintiff allege a single instance where a younger or non-"Black" teacher did not receive disciplinary letters to file in a manner allegedly demonstrating discrimination. See, e.g., Mauro v. New York City Dept. of Educ., No. 19 Civ. 4372 (GBD) (KHP), 2020 U.S. Dist. LEXIS 76379, at *13-15 (S.D.N.Y. Apr. 29, 2020) (recommending dismissal of Title VII, SHRL, and CHRL discrimination claims for failure to plead discriminatory animus, where, in relevant part, the complaint failed to plausibly allege a single comparator to whom plaintiff was similarly situated and who allegedly received more

favorable treatment); <u>Bagarozzi v. New York City Dept. of Educ.</u>, 18 Civ. 4893 (RA), 2019 U.S. Dist. LEXIS 56533, at *18 (S.D.N.Y. Mar. 31, 2019) (dismissing Title VII and ADEA discrimination claims where "besides referring to 'similarly situated younger, non-white teachers,' Plaintiff fails to identify, let alone describe, any purported comparator") (internal citation omitted); <u>Henry v. NYC Health & Hosp. Corp.</u>, 18 F. Supp. 3d 396, 409 (S.D.N.Y. 2014) (dismissing Title VII and SHRL gender discrimination claims where "the Amended Complaint does not allege that any similarly situated male employee received more favorable treatment than [plaintiff]—the Amended Complaint fails to identify, let alone describe, any purported comparator.")

Rather, Plaintiff's allegations are based entirely upon Plaintiff's self-serving "information and belief," bereft of any factual support, which plainly fails to establish a plausible claim of discrimination.  <u>See</u>, <u>e.g.</u>, <u>Hernandez v. City of New York</u>, No. 18 Civ. 5870 (ER), 2019 U.S. Dist. LEXIS 96187, at *7 (S.D.N.Y. Jun. 7, 2019) ("Though a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible…such allegations must be accompanied by a statement of the facts upon which the belief is founded.") (internal citations and quotes omitted).

Moreover, Plaintiff's claim that Defendants discontinued her probationary status on the basis of her race and age, similarly fails to state a plausible claim because Plaintiff's threadbare allegations do not allege any causal connection between her discontinued probationary status and any protected class.  Plaintiff does not plead any facts demonstrating direct evidence of discrimination, nor does the Complaint contain any factual allegations to create a plausible inference that Plaintiff's being discontinued as a teacher was at all motivated by her race and age.  <u>See</u> <u>Littlejohn</u>, 795 F3d at 311 ("absent direct evidence of discrimination,

what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent.")  For instance, Plaintiff does not allege that she was replaced by a younger teacher, or a teacher of a different race.  Id. at 312-313 ("the fact that a plaintiff was replaced by someone outside the protected class will ordinarily suffice for the required inference of discrimination at the initial prima facie stage of the Title VII analysis, including at the pleading stage.").

   Plaintiff's claims of discrimination are merely the "recitation of a false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)."  Bermudez v. City of New York, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011); see also Elgalad v. New York City Dept. of Educ., 17 Civ. 4894 (VSB), 2018 U.S. Dist. LEXIS 162838, at *20 (SDNY Sep. 24, 2018) (citing Bermudez).

   Even under the more liberal standard of the CHRL, Plaintiff's Complaint fails to state a plausible claim of race, national origin, or age discrimination, due to Plaintiff's failure "to allege a single fact to support the conclusion that any of the work conditions about which plaintiff complains were imposed on her because of her age," or race.  Massaro v. Dept. of Educ. of the City of New York, 2013 N.Y. Slip Op. 31011[U], *8-9 (Sup. Ct., NY County 2013), aff'd, 121 A.D.3d 569 (1st Dep't 2014) (dismissing CHRL and SHRL age discrimination claims which alleged that "younger teachers," whose ages were not specified, received better "schedules, students, access to computers, printers, books, materials, supplies," were permitted to miss departmental meetings, and where "[m]any members of the staff have asked [p]laintiff when she is going to retire" for failure to adequately plead discriminatory animus); see also Thomas v.

<u>Mintz</u>, 182 A.D.3d 490, (1st Dep't Apr. 23, 2020) (affirming dismissal of SHRL and CHRL discrimination claims where the Complaint "does not allege facts that would establish that similarly situated persons who were male or were not of African American descent were treated more favorably than plaintiff was," but rather, "merely asserts the legal conclusion that defendants' adverse employment actions and plaintiff's termination were due to race and gender").  Instead of supporting factual allegations, Plaintiff merely asserts her own legal conclusions that Defendants comments made by Principal Lopez, the disciplinary letters that were issued to her file, "harsh" observation reports, and her ultimate discontinued service, occurred because of her race and age, which are plainly insufficient to state a plausible claim, even under the CHRL.  See <u>Askin v. Dept. of Educ. of the City of New York</u>, 110 A.D.3d 621, 622 (1st Dep't 2013).

Accordingly, this Court should dismiss Plaintiff's race and age discrimination claims under Title VII, the ADEA, the SHRL and the CHRL for failure to state a plausible claim upon which relief can be granted.

## POINT V

### ALL CLAIMS AGAINST THE CITY OF NEW YORK MUST BE DISMISSED AS THE CITY AND BOE ARE SEPARATE AND DISTINCT LEGAL ENTITIES.

To the extent the Court's order dated November 10, 2020 is read to transfer all claims asserted against BOE to the Defendant City of New York (hereinafter "City"), all such claims against the Defendant City must be dismissed as the City and BOE are separate and distinct legal entities.

The BOE is, for all purposes, "the government or public employer of all persons appointed or assigned by the city board or the community districts."  N.Y. Educ. Law § 2590-

g(2).  It is also well settled that the City is a separate and distinct entity from the BOE.  <u>See</u> <u>Divisich v. Marshall</u>, 281 N.Y. 170, 173 (1939) (stating "the Board of Education of the City of New York is not a department of the city government"); <u>see</u> <u>Perez v. City of New York</u>, 837 N.Y.S.2d 571, 572 (1st Dep't 2007), <u>appeal</u> <u>denied</u>, 10 N.Y.3d 708 (2008) (holding the City and DOE as separate legal entities even after the 2002 amendments to the Education Law provided greater mayoral control) <u>see</u> <u>Campbell v. City of New York</u>, 203 A.D.2d 504 (2d Dep't 1994) (holding "the Board of Education and the City of New York are separate and distinct entities and service of a notice of claim upon the City shall not constitute service upon the Board"); <u>Goldman v. City of New York</u>, 287 A.D.2d 689 (2d Dep't 2001).  <u>See also</u> <u>Nash v. Bd. of Educ. of N.Y.</u>, No. 99 Civ. 9611 (NRB), 2016 U.S. Dist. LEXIS 135793, at *10 (S.D.N.Y. Sep. 22, 2016) ("it is well established that '[t]he City and the DOE are separate legal entities.'")(quoting <u>Sotomayor v. City of New York</u>, 862 F. Supp. 2d 226, 248 (E.D.N.Y. 2012), <u>aff'd</u>, 713 F.3d 163 (2d Cir. 2013)); <u>Johnson v. City of N.Y.</u>, No. 17-CV-7585 (PKC) (RER), 2019 U.S. Dist. LEXIS 160198, at *13 (E.D.N.Y. Sep. 18, 2019).  Plaintiff does not allege any direct participation by the City in any of the alleged discriminatory acts and, therefore, the City is not a proper party and must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the Complaint in its entirety

and grant such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                February 5, 2021

                                    **JAMES E. JOHNSON**
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 2-300
                                    New York, New York 10007
                                    (212) 356-2475
                                    rnasim@law.nyc.gov


                            By:     */s/ Ryan Nasim*
                                    Ryan Nasim
                                    Assistant Corporation Counsel

Bruce Rosenbaum,
Ryan Nasim,
   Of Counsel.

18